| | |
|---|---|
| 1 | ROBERT P. HENK (SB# 147490) |
| | henkleonard@aol.com |
| 2 | SHERI L. LEONARD (SB# 173544) |
| | henkleonard@aol.com |
| 3 | HENKLEONARD |
| | A Professional Law Corporation |
| 4 | 2260 Douglas Blvd., Suite 200 |
| | Roseville, CA 95661 |
| 5 | Telephone: (916) 787-4544 |
| | Facsimile: (916) 787-4530 |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | LARRY WALTHER |
| 8 | |
| 9 | KATHERINE C. HUIBONHOA (SB# 207648) |
| | katherinehuibonhoa@paulhastings.com |
| 10 | HEATHER N. MITCHELL (SB# 247509) |
| | heathermitchell@paulhastings.com |
| 11 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 55 Second Street |
| 12 | Twenty-Fourth Floor |
| | San Francisco, CA 94105-3441 |
| 13 | Telephone: (415) 856-7000 |
| | Facsimile: (415) 856-7100 |
| 14 | |
| | Attorneys for Defendant |
| 15 | UNITED PARCEL SERVICE, INC. |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LARRY WALTHER, | CASE NO. 2:09-CV-00494-JAM-KJM |
| Plaintiff, | (Sacramento County Superior Court Case No. 34-2008-00019192-CU-OE-GDS) |
| vs. | |
| UNITED PARCEL SERVICE, INC. and DOES 1 through 20, inclusive, | **JOINT STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT** |
| Defendants. | |

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff Larry Walther and Defendant United Parcel Service, Inc. ("UPS"), through their undersigned attorneys, hereby stipulate to, and respectfully request that the Court approve, the following Confidentiality Agreement:

1. "Confidential" data, documents, and information, as that term is used in this Agreement, means data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that is produced or supplied by any party or non-party in this action, including, but not limited to: (a) personal information (including, but not limited to, individuals' addresses, social security numbers, or health and medical information); (b) trade secrets; (c) confidential business, proprietary, or financial information; and (d) other information the disclosure of which is restricted or prohibited by applicable law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. After any designation made according to the procedure set forth in this or in Paragraph 1, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 11 below. All documents and information designated "confidential" are hereinafter identified as "Confidential Information."

3. All Confidential Information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purposes of the prosecution or defense of this case.

PDF created with pdfFactory trial version www.pdffactory.com

4. Except with the prior written consent of the other parties, or upon prior order of the Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed by the receiving party to any person other than:

    a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation, and the legal staff and employees of such counsel who are working on this action;

    b. individual parties (including charging parties) and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    c. consultants or expert witnesses retained for the prosecution or defense of this litigation, and their employees who are working on this action, provided that each such person shall execute a copy of the attached Certification before being shown or given any Confidential Information;

    d. any authors or recipients of the Confidential Information;

    e. the Court, its employees, court reporters, and the jury;

    f. any mediator, arbitrator, or other alternate dispute resolution facilitator retained for this litigation; and

    g. non-party witnesses and potential witnesses (other than persons described in paragraph 4(d)) in preparation for, and in the course of, depositions or interviews, if, in the reasonable and good faith opinion of the parties' counsel, examination with respect to such information is for legitimate litigation purposes. Non-party witnesses and potential witnesses shall sign the attached Certification before being shown or given any Confidential Information.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

6. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   a. the party who claims that the material is Confidential Information withdraws such designation in writing; or

   b. the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

   c. the Court rules the material is not Confidential Information.

7. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

8. If a producing party produces any data, documents, or information that the producing party thereafter claims to be privileged or protected, the producing party will give notice thereof to the receiving party in writing. Within five days, the document, data or information in question (and all notes and work product quoting, referring or relating thereto) will then be returned to the producing party, and the receiving party will certify that any and all copies have been retrieved and destroyed. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the retrieving party must take reasonable steps to retrieve and return or destroy the disclosed information. The receiving party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document effected a waiver of any privilege or protection. Moreover, absent a ruling that the document, data, or

PDF created with pdfFactory trial version www.pdffactory.com

information at issue is not privileged or protected, a receiving party may not disclose nor make any use whatsoever of the information disclosed in or derived from the document or information at issue. Nothing in this agreement overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the producing party that such materials have been produced.

9. If a producing party inadvertently fails to stamp certain documents upon their production, it may, at any time, designate such documents as Confidential Material. In that case, at the request and expense of the producing party, and upon receipt of the new documents subsequently designated as Confidential Material, the receiving party shall either destroy or return the original documents inadvertently not designated as Confidential Material to the producing party. The receiving party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Confidential Material.

10. The provisions of this Confidentiality Agreement shall not terminate at the conclusion of this action. Within 90 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all data, documents, and information, and any copies thereof, marked "Confidential" under this Confidentiality Agreement shall be destroyed or returned to the producing party.

11. This Confidentiality Agreement shall remain in effect until modified, superseded or terminated by written consent of the parties hereto or by court order.

PDF created with pdfFactory trial version www.pdffactory.com

The undersigned hereby consent to the form and substance of this Confidentiality Agreement, which was previously executed on November 12, 2008. A copy of the parties' fully executed Confidentiality Agreement is attached hereto as Exhibit A.

DATED: May 8, 2009

ROBERT P. HENK
SHERI L. LEONARD
HENK LEONARD, P.C.

By: /s/ *Robert P. Henk*
      Robert P. Henk

Attorneys for Plaintiff
LARRY WALTHER

DATED: May 8, 2009

KATHERINE C. HUIBONHOA
HEATHER N. MITCHELL
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ *Heather N. Mitchell*
      Heather N. Mitchell

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

PDF created with pdfFactory trial version www.pdffactory.com

# **ORDER**

The Court hereby approves and adopts the terms set forth in the parties' Joint Stipulation Regarding Confidentiality Agreement.

IT IS SO ORDERED.


DATED: May 8, 2009                              /s/ John A. Mendez
                                                Honorable John A. Mendez

LEGAL_US_W # 61719070.1                         JOINT STIPULATION AND [PROPOSED]
                                                ORDER RE "CONFIDENTIALITY
                                                AGREEMENT"

PDF created with pdfFactory trial version www.pdffactory.com