IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WALTHER,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC. and<br>DOES 1 through 20, inclusive,<br><br>      Defendants.<br>_____/ | Case No.: 2-09-CV-0494-JAM-KJM<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR LEAVE TO FILE A<br>COUNTERCLAIM |

    This matter comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS") motion for leave to file a counterclaim against Plaintiff Larry Walther ("Plaintiff") pursuant to Federal Rule of Civil Procedure 15.  (Doc. # 26).

Plaintiff opposes the motion. (Doc. # 35). For the reasons set forth below, Defendant's motion is DENIED.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present action against UPS on August 13, 2008 in Sacramento County Superior Court. Plaintiff's complaint alleges three causes of action against UPS for: (1) violation of the California Family Rights Act; (2) violation of the Fair Employment and Housing Act; and (3) wrongful demotion in violation of public policy.

UPS served document requests to Plaintiff on August 27, 2008. Pl's Opp., Doc. # 35, at 1. On October 29, 2008, UPS received Plaintiff's discovery responses, which included a compact disc with six audio recordings of conversations between Plaintiff and various UPS employees and managers. Def's Mot., Doc. # 26, at 2. Thereafter, UPS's counsel listened to the compact disc recordings. Id. The conversations concerned, among other things, Plaintiff's complaints about his demotion and medical issues. Id.

UPS served Requests for Admission to Plaintiff on or about December 18, 2008 regarding these recordings. Id. at 3. On January 26, 2009, UPS received Plaintiff's discovery responses

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

in which Plaintiff declined to respond based on the Fifth Amendment.  Id.  UPS removed the matter to this Court on February 20, 2009. (Doc. # 1).  On April 21, 2009 the parties submitted their Joint Status Report and informed the Court that they did not intend to amend any of the pleadings.  (Doc. # 13). The Court issued a Pre-trial Scheduling Order that prohibited any further amendments to pleadings except with leave of court, good cause having been shown.  (Doc. # 18).  The Court set the discovery deadline for December 31, 2009 and set jury trial for May 24, 2010.  Id.

Defendant's instant motion for leave to amend to file a counterclaim against Plaintiff for violation of Penal Code Section 632 was filed on September 22, 2009, almost one year from the date that Defendant had notice of the recordings, and months after the issuance of the Court's Pre-trial Scheduling Order prohibiting further amendment absent good cause. Nevertheless, Defendant seeks leave to amend to file a counterclaim based on the recordings it received in October 2008.

## II. OPINION

The Court's Pre-trial Scheduling Order expressly included the requirement to show good cause to justify amendment of the pleadings.  (Doc. # 18).  As such, Defendant's motion must first

be evaluated under Federal Rule of Civil Procedure 16(b).[2] <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." <u>Mammoth Recreations</u>, 975 F.2d at 609. The Pre-trial Scheduling Order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u> When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." <u>Id.</u> at 610.

Only after the moving party has demonstrated diligence under Rule 16 does the Court apply the standard under Rule 15 to determine whether amendment was proper. <u>See</u> <u>Id.</u> at 608.

Here, Defendant UPS has not demonstrated good cause under Rule 16 to permit amendment of the Pre-trial Scheduling Order. Defendant simply argues that it "reasonably took some time to evaluate its strategy with respect to the counterclaim" and that any additional delay in filing the instant motion was "due to

---

[2]   Defendant's motion fails to recognize that the liberal amendment standard set out in Rule 15(a) is inapplicable until Plaintiff first demonstrates that "good cause" as prescribed by Rule 16(b) justifies the amendment.

4

factors inherent in litigation." Pl's Reply, Doc. # 37, at 2. UPS concedes that it received the recordings of the conversations between Plaintiff and UPS employees and managers on October 29, 2008. As such, Defendant was aware of the circumstances giving rise to a counterclaim against Plaintiff for violation of Penal Code Section 632 at the time the parties submitted their Joint Status Report. Nevertheless, UPS remained silent about any intention to file a counterclaim. Such an omission is not "compatible with a finding of diligence." <u>Mammoth Recreations</u>, 975 F.2d at 609. Parties anticipating filing a counterclaim have an obligation to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments in their status reports so that the judge may properly create a workable scheduling order.

    UPS also asserts it had good cause for filing the instant motion after the Pre-trial Scheduling Order because Plaintiff's discovery requests were "time-consuming" and UPS prepared its counterclaim and associated papers as soon as it "gained availability" to do so. Def's Reply, Doc. # 37, at 2. Defendant's conduct and explanation is insufficient to demonstrate good cause to permit the filing of its proposed counterclaim at this late stage in the litigation, where the discovery deadline is December 31, 2009 and dispositive motions are due by February 3, 2010. Defendant's "carelessness is not

compatible with a finding of diligence and offers no reason for a grant of relief." See id.  There is simply no justifiable reason for Defendant's delay in failing to file a counterclaim until late September 2009.  Under these circumstances, Defendant's have failed to satisfy the threshold "diligence" requirement of Rule 16, and thus, Defendant's motion must be DENIED.

## III. ORDER

For the above reasons, Defendant's motion for leave to amend to file a counterclaim is DENIED.


IT IS SO ORDERED.

Dated: December 11, 2009        _____
                                JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE