KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
AMY C. HIRSH (SB# 246533)
amyhirsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| LARRY WALTHER,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNITED PARCEL SERVICE, INC. and DOES 1 through 20, inclusive,<br><br>          Defendants. | CASE NO. 2:09-CV-00494-JAM-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Complaint Filed: August 13, 2008<br><br>Hearing: January 20, 2010<br>Time: 9:30 a.m.<br>Courtroom: 6<br>Judge: Hon. John A. Mendez<br>Trial Date: May 24, 2010 |

PDF created with pdfFactory trial version www.pdffactory.com

1   The Motion For Summary Judgment Or, In The Alternative, Summary Adjudication Of
2   Issues of Defendant United Parcel Service, Inc. ("UPS") came on for hearing on January 20,
3   2010, at 9:30 a.m., in the courtroom of the Honorable John A. Mendez.  Defendant appeared
4   through its counsel, Katherine C. Huibonhoa of Paul, Hastings, Janofsky & Walker LLP.
5   Plaintiff Larry Walther appeared through his counsel, Sheri L. Leonard of Henk Leonard.  The
6   Court, having read and considered the moving and responding papers, and all supporting papers,
7   and the oral arguments presented, and the matter having been duly heard:

8   IT IS HEREBY ORDERED that Defendant's Motion For Summary Judgment Or, In The
9   Alternative, Summary Adjudication Of Issues is DENIED as to Plaintiff's claims for: (1)
10  retaliation under the California Family Rights Act ("CFRA") (corresponding to Issue 1 in
11  Defendant's Separate Statement Of Undisputed Material Facts In Support Of Defendant's Motion
12  For Summary Judgment Or, In The Alternative, Summary Adjudication Of Issues ("Separate
13  Statement")), and (2) retaliation under the California Fair Employment and Housing Act
14  ("FEHA") (corresponding to Issue 5 in the Separate Statement); and that

15  Defendant's Motion For Summary Judgment Or, In The Alternative, Summary
16  Adjudication Of Issues is GRANTED as to Plaintiff's claims for: (1) interference under the
17  CFRA (corresponding to Issue 2 in the Separate Statement), (2) failure to engage in the
18  interactive process under the FEHA (corresponding to Issue 3 in the Separate Statement), (3)
19  failure to provide a reasonable accommodation under the FEHA (corresponding to Issue 4 in the
20  Separate Statement), (4) wrongful demotion in violation of public policy (corresponding to Issue
21  6 in the Separate Statement), and (5) punitive damages (corresponding to Issues 7 and 8 in the
22  Separate Statement), on the grounds that there is no triable issue as to any material fact, and that
23  Defendant is entitled to judgment in its favor as a matter of law against on claims.

24  IT IS FURTHER HEREBY ORDERED that Defendant's Objections To The Declaration
25  Of Plaintiff Larry Walther Offered In Support of Plaintiff's Opposition To Defendant's Motion
26  For Summary Judgment Or, In The Alternative, Summary Adjudication Of Issues are
27  SUSTAINED in their entirety, on each and every evidentiary ground asserted.
28

PDF created with pdfFactory trial version www.pdffactory.com

1.     Defendant seeks summary adjudication of Plaintiff's claim for retaliation in violation of the CFRA on the grounds that there is no triable issue of retaliatory causation between his request for CFRA leave and his demotion or alleged denied bonus. Based on the oral argument and briefing, the Court finds that Plaintiff has raised enough genuine issues of material fact that this claim should be decided by the jury.

    (a)     Plaintiff has presented evidence in which a reasonable jury could infer that Division Manager Matt Echeveria was retaliating against Plaintiff when he informed Plaintiff that Plaintiff would not be getting his bonus, that there was never a plan to have a manager in Plaintiff's position, and then by participating in the decision to demote Plaintiff within less than a week of being told specifically of Plaintiff's upcoming CFRA leave. The Court however clarifies that Plaintiff did receive a bonus, but not as much as he thought he was entitled to. An adverse action taken on the heels of protected activity "might strike a trier of fact as being rather suspicious." *Colarossi v. Coty U.S. Inc.*, 97 Cal. App. 4th 1142, 1153 (2002). Defendant tries to distinguish *Colarossi*, but that case contains language that is more helpful to Plaintiff.

    (b)     It's a close enough question that the Court DENIES summary adjudication of Plaintiff's CFRA-retaliation claim. Plaintiff has provided enough evidence to at least allow this issue to get to the trier of fact that he was demoted and received a lesser bonus for requesting CFRA leave.

2.     Defendant is entitled to summary adjudication of Plaintiff's claim for interference in violation of the CFRA. The parties established that Plaintiff is not basing his interference claim on his exercise of rights from August 2007 to December 2007. With regard to the July 5, 2007 incident, the Court finds that summary adjudication should be granted for the following reasons.

    (a)     Defendant has argued that it did not interfere with Plaintiff's ability to exercise his CFRA rights. Defendant has argued that it permitted Plaintiff to take his six-week leave; that the demotion was not because Plaintiff asked for leave or because Plaintiff went to the doctor, but rather because Plaintiff walked off the job on July 5, and did not report to work on July 6 after his doctor's visit; and even if Plaintiff were able to raise a triable issue as to July 5,

1  Defendant would have made the same decision to demote Plaintiff because he failed to return to
2  work on July 6. Defendant also contends that it was not until after Plaintiff was demoted that he
3  submitted a note from his doctor stating that he had been unable to work on July 5 due to illness.

4      (b)  An employee must show that he provided at least verbal notice sufficient to
5  make the employer aware that the employee needs CFRA-qualifying leave. CAL. CODE REGS., tit.
6  2, § 7297.4, subd. (a)(1). Here, it is undisputed that Plaintiff did not give Defendant sufficient
7  notice that his July 5 and 6 absences were for CFRA-qualifying reasons. As such, because the
8  interference claim is solely based on his July 5 and 6 absences, Plaintiff's claim fails as a matter
9  of law and Defendant is entitled to summary adjudication. The Court therefore GRANTS
10 summary judgment in favor of Defendant on Plaintiff's interference claim.

11    3.  Defendant seeks summary adjudication of Plaintiff's claim for failure to engage in
12 the interactive process under the FEHA, arguing that Defendant did engage in a good faith
13 interactive process with Plaintiff that resulted in his accommodation and that Plaintiff for his part
14 failed to engage in the interactive process. Defendant also argues that Plaintiff failed to identify
15 any available accommodations to which he would have been entitled had the interactive process
16 occurred in a way that was satisfactory to him.

17     (a)  The FEHA makes it unlawful for an employer "to fail to engage in a
18 timely, good faith, interactive process with the employee or applicant to determine effective
19 reasonable accommodations, if any, in response to a request for reasonable accommodation by an
20 employee or applicant with a known physical or mental disability . . . ." CAL. GOV. CODE
21 § 12940(n). In this case, it is undisputed that Plaintiff and Defendant actually did communicate
22 regarding Plaintiff's medical conditions and that ultimately, Plaintiff was reasonably
23 accommodated for his disability. The accommodation did not happen as quickly as Plaintiff
24 would have liked, but it did ultimately happen. Plaintiff therefore was reasonably accommodated
25 for his disability.

26     (b)  "The 'interactive process' required by the FEHA is an informal process
27 with the employee or the employee's representative to attempt to identify a reasonable
28 accommodation that will enable the employee to perform the job effectively." *Wilson v. County*

PDF created with pdfFactory trial version www.pdffactory.com

1  *of Orange*, 169 Cal. App. 4th 1185, 1995 (2009) (citing *Jensen v. Wells Fargo Bank*, 85 Cal. App.
2  4th 245, 261 (2000)). "Ritualized discussions are not necessarily required." *Id*. Here, Defendant
3  did satisfy its duty of accommodation to Plaintiff and, as such, it does appear to this Court that
4  Defendant did successfully engage in the interactive process.

5      (c)    Furthermore, Plaintiff does not identify any available accommodations to
6  which he would have been entitled had the interactive process occurred in a way satisfactory to
7  him. *See Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 995 (2009). In *Scotch*, a case in
8  which summary judgment was granted in favor of the employer, the court held: "In light of the
9  FEHA's remedial purpose, we . . . hold to recover [for failure to interact] the employee must
10 identify a reasonable accommodation that was available at the time the interactive process should
11 have occurred . . . ." *Id.*

12     (d)    The Court therefore GRANTS summary adjudication for Defendant on
13 Plaintiff's claim for failure to engage in the interactive process under the FEHA.

14     4.    Defendant also seeks summary adjudication of Plaintiff's claim for failure to
15 provide a reasonable accommodation under the FEHA on the grounds that Defendant did provide
16 Plaintiff with several reasonable accommodations during and at the conclusion of the interactive
17 process. As stated above, the undisputed facts show that Defendant did accommodate Plaintiff's
18 disability. Plaintiff was, in fact, given his leave of absence from August of 2007 to December of
19 2007. And then thereafter, though it did not happen immediately, he ultimately was placed in a
20 job that reasonably accommodated him. The undisputed facts also show that during the period he
21 had to ride in UPS cars, UPS made accommodations for him. This was not an employer who
22 stuck Plaintiff in a job that he could not perform and insisted that he perform it. There was
23 communication. Plaintiff's basic complaint that the accommodation did not occur quickly
24 enough is not sufficient to deny summary adjudication on this claim. As such, the Court
25 GRANTS summary adjudication for Defendant on Plaintiff's claim for failure to accommodate
26 under the FEHA.

27     5.    Defendant seeks summary adjudication of Plaintiff's claim for wrongful demotion
28 in violation of public policy on the grounds that it is derivative and completely encompassed by

- 4 -  [PROPOSED] ORDER GRANTING IN PART
DENYING IN PART UPS'S MSJ

PDF created with pdfFactory trial version www.pdffactory.com

his other claims, and therefore fails for the same reasons. The Court finds that this cause of action adds nothing to the complaint by way of fact or theory of recovery. As such, the Court GRANTS summary adjudication for Defendant on Plaintiff's claim for wrongful demotion in violation of public policy. *See Award Metals, Inc. v. Superior Court*, 228 Cal. App. 3d 1128 (1991).

6. Defendant seeks summary adjudication of Plaintiff's claim for retaliation under the FEHA on the same grounds as under the CFRA. For the same reasons as Plaintiff's CFRA-retaliation claim, the Court finds that Plaintiff has raised enough genuine issue of material fact to get his FEHA-retaliation claim to the jury. There are too many factual issues that are actually in dispute or need to be resolved by a jury to grant summary judgment on this portion of the second cause of action (violation of FEHA). The Court therefore DENIES summary adjudication of Plaintiff's FEHA-retaliation claim.

7. Finally, Defendant seeks summary adjudication of Plaintiff's claim for punitive damages. Defendant first argues that summary adjudication is proper because no person at issue in this case was a "managing agent" under the California Supreme Court's decisions in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), and *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999). Defendant further argues that summary adjudication is proper because there is no clear and convincing evidence that anyone involved in this case acted with malice, fraud, or oppression. The facts offered by Defendant establish that the punitive damages claim fails as a matter of law for both reasons. There is not enough evidence to support a claim of clear and convincing evidence of malice, fraud, or oppression by an officer, director, or managing agent. And while Plaintiff did attempt to create a genuine issue of material fact on the issue of managing agent, there is no case law to support such a theory. Punitive damages certainly aren't appropriate in this case.

(a) As the California Supreme Court explained in *White*, "managing agents" are persons having "discretionary authority over corporate policy." *See White*, 21 Cal. 4th at 566-67. The *White* court was referring to formal policies that affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership. *See Roby*,

PDF created with pdfFactory trial version www.pdffactory.com

47 Cal. 4th at 714 ("managing agent" requires having "broad authority" over "formal policies that affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership."). As *Roby* establishes, it is this sort of broad authority that justifies punishing an entire company for an otherwise isolated act of oppression, fraud, or malice. *Id.* In this case, there is no evidence that either Operations Manager Otto Asgeirsson or Human Resources Manager Dennis Ray exercised that sort of broad authority, or that they were, in fact, managing agents for purposes of awarding punitive damages under California Civil Code section 3294(b).

      (b)    Because there is no triable issue of punitive damages, the Court GRANTS Defendant's motion for summary adjudication on this issue.

8. The Court declines to consider Plaintiff's newly-raised claim for disability discrimination under the FEHA. Plaintiff argued for the first time in his opposition that Defendant discriminated against him on the basis of his disability. Plaintiff cannot amend his pleading on summary judgment. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 n.5 (9th Cir. 1987). Because this claim is not properly before this Court, the Court will not address the issue.

9. The following claims against Defendant thus are dismissed with prejudice: (1) interference under the CFRA; (2) failure to engage in the interactive process under the FEHA; (3) failure to provide a reasonable accommodation under the FEHA; (4) wrongful demotion in violation of public policy; and (5) punitive damages.

PDF created with pdfFactory trial version www.pdffactory.com

IT IS SO ORDERED.

DATED: February 2, 2010

/s/ John A. Mendez  
HON. JOHN A MENDEZ  
Judge, United States District Court

Approved as to form by:

By: _____/s/ Katherine C. Huibonhoa_____
Katherine C. Huibonhoa
Paul, Hastings, Janofsky & Walker LLP
Attorneys for Defendant United Parcel Service, Inc.


By: _____/s/ Sheri L. Leonard_____
Sheri L. Leonard
Henk Leonard
Attorneys for Plaintiff Larry Walther


LEGAL_US_W # 63774622.1

PDF created with pdfFactory trial version www.pdffactory.com