**FILED**

APR 1 6 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WALTHER, | Case No.S:09-CV-00494 JAM-KJM |
| Plaintiff, | **PRETRIAL CONFERENCE ORDER** |
| v. | |
| UNITED PARCEL SERVICE, INC., and DOES 1 through 20, inclusive, | |
| Defendants. | |

Pursuant to court order, a Pretrial Conference was held on April 16, 2010 before Judge John Mendez. Sheri L. Leonard and Robert P. Henk appeared as counsel for plaintiff; Greggory W. Dalton and E. Jeffrey Grube appeared as counsel for defendant. After hearing, the court makes the following findings and orders:

## I.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. section 1332, and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

## II. JURY/NON-JURY

Plaintiff has demanded a jury trial of all issues.

1

### III. STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

### IV. UNDISPUTED FACTS

The following facts are admitted by the parties and require no proof:

1.   UPS operates a package delivery business.

2.   On February 28, 1990, UPS hired Walther to work as a package car driver in the Sacramento Valley District.

3.   The Sacramento Valley District encompassed the geographical area from Stockton, California, to the Oregon border, and all of northern Nevada.

4.   On January 17, 1991, UPS promoted Walther into management - as a full-time supervisor.

5.   On August 1, 2000, UPS promoted Walther to manager.

6.   In April 2007, UPS assigned Walther to manage the Local Sort operations at UPS's Stockton, California location, under the supervision of Package Division Manager, Matt Echeveria.

7.   On July 5, 2007, Walther met with Echeveria at UPS's West Sacramento Center at approximately 1:00 p.m.

8.   After Walther left the July 5, 2007, meeting, Walther did not return to work that day.

9.   Walther did not report to work on July 6, 2007.

10.   Walther's doctor cleared him to return to work without restrictions on July 6, 2007.

11.   Walther was scheduled for and took vacation from July 9, 2007, through July 13, 2007.

12.   Walther was demoted to full-time supervisor on or about July 16, 2007.

13.   Walther received a management incentive program award and a half-month bonus award in 2007 in amounts commensurate with his post-July 16, 2007 position as a full-time supervisor.

14.   Walther was authorized to take and took a medical leave of absence for foot surgery pursuant to the CFRA in 2007.

15.   While working at the Stockton Local Sort, Walther was not placed on a formal management performance improvement plan (PIP).

16.   Walther was diagnosed with a generalized anxiety disorder in 2004.

## V.   DISPUTED FACTUAL ISSUES

The parties agree that the following factual issues, and no others, remain in dispute to be determined at trial in this matter, except to the extent any party objects to the statement of disputed facts, as indicated by footnote.

1.   Whether, when, and to whom Walther mentioned the need to take a medical leave of absence.

2.   What was said between Walther and his managers prior to July 5, 2007, regarding Walther's performance in regard to his responsibility for the Stockton Local Sort.

3.   Whether Walther was charged with getting the Local Sort "on track" by identifying and addressing operational shortcomings.[1]

---

[1] Defendant UPS believes this issue of fact is undisputed by the parties based on Plaintiff's deposition testimony.  (*See* Walther Dep. 37:22-38:7.)

4.    Whether Walther's managers visited the Stockton Local Sort to expedite operational improvements in June 2007.[2]

5.    Whether Walther and Echeveria met on July 2, 2007, to discuss the most recent staff visit to the Stockton Local Sort.[3]

6.    Why Echeveria called a meeting with Walther on July 5, 2007.

7.    What was said between Walther and Echeveria during and after their meeting on July 5, 2007.

8.    What Walther did, and why he did it, after leaving the meeting with Echeveria on July 5, 2007.

9.    Whether Walther's managers demoted Walther because Walther informed his managers of his need for a leave of absence for foot surgery.

10.    Whether UPS had legitimate non-retaliatory reasons for demoting Walther.

11.    Whether Echeveria was a decisionmaker in the decision to demote Walther.[4]

12.    Whether UPS would have demoted Walther solely for failing to report to work on July 6, 2007, for using profanity toward his manager, and/or for refusing to follow his manager's instructions.

13.    The nature and extent of harm, if any, that Walther suffered from UPS's alleged wrongful conduct.

---

[2] Defendant UPS again believes this issue of fact is undisputed by the parties.  (*See* Walther Dep. 384:6-16, 386:4-9, 386:17-387:1, 387:9-20.)
[3] Defendant UPS again believes this issue of fact is undisputed by the parties.  (*See* Walther Dep. 399:24-401:2.)
[4] Plaintiff believes this issue of fact is undisputed by the parties.  (*See* Ray Dep. 34:13-20; Asgeirsson Dep. 167:18-22.)

4

## VI. DISPUTED EVIDENTIARY ISSUES

Defendant UPS objects to the evidence and exhibits to be offered by Plaintiff.  These objections shall be filed separately and in accordance with Section XI of this Pretrial Order.

## VII. RELIEF SOUGHT

Plaintiff seeks damages consisting of:  (1) lost back wages and benefits; (2) lost future wages and benefits; (3) emotional distress; (4) attorneys' fees and costs; and (5) any other further relief the Court deems just and proper.

Defendant UPS reserves its right to seek attorneys' fees pursuant to Cal. Gov't Code § 12965(b).  *See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

## VIII. POINTS OF LAW

Trial briefs shall be E-filed with the court no later than seven (7) days prior to the date of trial, i.e., May 17, 2010. Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

The parties are not aware of any abandoned issues in this case.

## X.   WITNESSES

Plaintiff's witness list is attached to this Pretrial Conference Order as Exhibit A.

Defendant's witness list is attached to this Pretrial Conference Order as Exhibit B.

Each party may call a witness designated by the other.

A.   No other witnesses will be permitted to testify unless:

(1)   The party offering the witness demonstrates that the

witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.   The evidence will not be permitted unless:

(1)   The witnesses could not reasonably have been discovered prior to Pretrial;

(2)   The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

### XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff's Exhibit List is attached to this Pretrial Conference Order as Exhibit C.

Defendant's Exhibit List is attached to this Pretrial Conference Order as Exhibit D.

Each party may use an exhibit designated by the other.

A.   No other exhibits will be permitted to be introduced unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could

6

1 | not be reasonably anticipated at the Pretrial Conference, or

2 | (2)   The exhibit was discovered after the Pretrial
3 | Conference and the proffering party makes the showing required in
4 | paragraph "B," below.

5 | B.   Upon the post-Pretrial discovery of exhibits, the
6 | attorneys shall promptly inform the court and opposing counsel of
7 | the existence of such exhibits so that the court may consider at
8 | trial their admissibility.  The exhibits will not be received
9 | unless the proffering party demonstrates:

10 | (1)   The exhibits could not reasonably have been
11 | discovered prior to Pretrial;

12 | (2)   The court and counsel were promptly informed of
13 | their existence;

14 | (3)   Counsel forwarded a copy of the exhibit(s) (if
15 | physically possible) to opposing counsel.  If the exhibit(s) may
16 | not be copied, the proffering counsel must show that he has made
17 | the exhibit(s) reasonably available for inspection by opposing
18 | counsel.

19 | As to each exhibit, each party is ordered to exchange copies
20 | of the exhibit not later than fourteen (14) days before trial.
21 | Each party is then granted five (5) days to file and serve
22 | objections to any of the exhibits.  In making the objection, the
23 | party is to set forth the grounds for the objection.  The parties
24 | shall pre-mark their respective exhibits in accord with the Court's
25 | Pretrial Order.  Exhibit stickers may be obtained through the
26 | Clerk's Office.  An original and one (1) copy of the exhibits shall
27 | be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on
28 | the date set for trial or at such earlier time as may be agreed

upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail at: hvine@caed.uscourts.gov.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

## XII. DISCOVERY DOCUMENTS

None at issue.

## XIII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

## XIV. STIPULATIONS

None at this time.

## XV. AMENDMENTS/DISMISSALS

Not applicable.

## XVI. FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs should be E-filed seven (7) days prior to trial, i.e., May 17, 2010.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court clerk seven (7) calendar days prior to the date of the trial, i.e., May 17, 2010, and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the

parties shall submit the instruction(s) via ECF as its package of proposed jury instructions three days before trial, i.e., May 21, 2010.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Objections" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word or wpd format to the Court's Judicial Assistant, Jane Pratt, at: jpratt@caed.uscourts.gov.

C.   It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(4)(j).  The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.   The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.   The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F.   Each party may submit proposed voir dire questions the

party would like the court to put to prospective jurors during jury selection.  Proposed voir dire should be submitted via ECF one (1) week prior to trial.

G.  In limine motions shall be E-filed separately at least ten (10) days prior to trial, i.e., May 14, 2010.  Opposition briefs shall be E-filed five (5) days prior to trial, i.e., May 19, 2010. No reply briefs may be filed.

## XVII. SETTLEMENT NEGOTIATIONS

No formal settlement conference will be scheduled.

## XVIII. AGREED STATEMENTS

See paragraph III, *supra.*

## XIX. SEPARATE TRIAL OF ISSUES

The parties agree that no separate trial of issues is necessary.

## XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Defendant UPS disclosed no experts.  Plaintiff disclosed Dr. Scott Cannon and Dr. Daniel Fields as experts.  The parties do not anticipate that appointment by the Court of impartial expert witnesses or limitation on the number of expert witnesses is necessary.

## XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

## XXII. MISCELLANEOUS

None.

## XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate four (4) to five (5) court days for

1   trial.   Trial will commence on May 24, 2010, at 9:00 a.m.

2        Counsel are to call Harry Vine, Courtroom Deputy, at

3   (916) 930-4091, one week prior to trial to ascertain the status of

4   the trial date.

5                  XXIV.  OBJECTIONS TO PRETRIAL ORDER

6        Each party is granted seven (7) days from the date of this

7   Pretrial Order to object to it via ECF.

8        IT IS SO ORDERED.

9        DATED: April 16, 2010.

10                                    _____

11                                    JOHN A. MENDEZ
                                      United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1   Robert P. Henk (147490)
2   Sheri L. Leonard (173544)
3   **HENKLEONARD**
    **A Professional Law Corporation**
4   2260 Douglas Blvd, Suite 200
    Roseville, CA  95661
5   Telephone:   (916) 787-4544
6   Fax:          (916) 787-4530

7   Attorneys for Plaintiff,
8   **LARRY WALTHER**

9             UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

11

12  **LARRY WALTHER,**              )   **Case No.: 2:09-CV-00494-JAM-KJM**
                                     )
13         Plaintiff,                )
                                     )
14         vs.                       )   **PLAINTIFF, LARRY WALTHER'S**
                                     )   **WITNESS LIST**
15  **UNITED PARCEL SERVICE, INC.** and )
16  **DOES 1 through 20**, inclusive, )
                                     )
17         Defendants.               )
18                                   )
                                     )
19  _____ )

20         Plaintiff, LARRY WALTHER, hereby submits the following list of witnesses that are
21  to be called at trial:

22         1.    Larry Walther.  Plaintiff.

23         2.    Heidi Walther.  Plaintiff's wife, and someone who has knowledge of his
24  emotional distress and of various actions taken.

25         3.    Matt Echeveria.  Plaintiff's immediate supervisor, and one of the decision-
26  makers regarding the adverse employment action.

27         4.    Otto Aseirsson.  District Operations Manager, and one of the decision-makers
28  regarding the adverse employment action.

29

Plaintiff's Witness List

**EXHIBIT A**

5.     <u>Dennis Ray</u>.  District Human Resources Manager, and one of the decision-makers regarding the adverse employment action.

6.     <u>Margie Hernandez-Woidtke</u>.  Occupational Health Supervisor, and person with knowledge of Plaintiff's medical conditions and leave requests, as well as various FMLA/FEHA policies and procedures.

7.     <u>George Gibbs</u>.  Employee Relations Manager.  Conducted facilitation investigation into Plaintiff's claims of adverse treatment.

8.     <u>Paul Lerma</u>.  Business Manager.  Plaintiff's coworker, and someone who had similar responsibility for the Local Sort, but was treated in a different manner than Plaintiff.

9.     <u>Laura Brown</u>.  Employee Relations Manager, and someone who has knowledge of policies, procedures and practices of UPS and UPS' response to Plaintiff's claims of adverse employment action.

10.    <u>Dr. Dr. Scott Cannon, MD</u>.  One of Plaintiff's treating physicians.

11.    <u>Dr. Daniel Fields, MD</u>.  One of Plaintiff's treating physicians.

Dated: April 7, 2010

**HENK LEONARD**
**A Professional Law Corporation**

/s/SHERI L. LEONARD
**SHERI L. LEONARD**
Attorneys for Plaintiff,
**LARRY WALTHER**

2

PAUL, HASTINGS, JANOFSKY & WALKER LLP
E. JEFFREY GRUBE (SB# 167324)
jeffgrube@paulhastings.com
AMY C. HIRSH (SB# 246533)
amyhirsh@paulhastings.com
GREGGORY W. DALTON (SB# 252000)
greggorydalton@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LARRY WALTHER,<br><br>        Plaintiff,<br><br>       vs.<br><br>UNITED PARCEL SERVICE, INC. and<br>DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO. 2:09-CV-00494-JAM-KJM<br><br>(Sacramento County Superior Court<br>Case No. 34-2008-00019192-CU-OE-GDS)<br><br>**DEFENDANT UNITED PARCEL<br>SERVICE, INC.'S WITNESS LIST** |

The following witnesses may be called by Defendant United Parcel Service, Inc. ("UPS") upon trial:

1. **Otto Asgeirsson**. Current UPS Operations Manager. He may be contacted though counsel for UPS.

2. **Laura Brown**. Current UPS Employee Relations Manager. She may be contacted through counsel for UPS.

3. **Rick Dugan**. Current UPS Preload Manager. He may be contacted through counsel for UPS.

4. **Matt Echeveria**. Current UPS Division Manager. He may be contacted through counsel for UPS.

5. **George Gibbs**. Current UPS Region Employee Relations Manager. He may be contacted through counsel for UPS.

6. **Jeff Kulm**. Current District Learning and Development Manager. He may be contacted through counsel for UPS.

7. **Rob Lewandoski**. Current Department Manager. He may be contacted through counsel for UPS

8. **Chris Martin**. Current UPS District Manager. She may be contacted through counsel for UPS.

9. **Dennis Ray**. Current UPS Human Resources Manager. He may be contacted through counsel for UPS.

///
///
///
///
///
///
///
///

10. **Steve Osgood.** Current Security Manager. He may be contacted through

counsel for UPS.

11. **Larry Walther.** Plaintiff.

DATED: April 9, 2010

E. JEFFREY GRUBE
AMY C. HIRSH
GREGGORY W. DALTON
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:  /s/      *Greggory W. Dalton*
                    Greggory W. Dalton

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

-2-

DEFENDANT UPS'S INITIAL
DISCLOSURES

Robert P. Henk (147490)
Sheri L. Leonard (173544)
**HENKLEONARD**
**A Professional Law Corporation**
2260 Douglas Blvd, Suite 200
Roseville, CA 95661
Telephone:    (916) 787-4544
Fax:          (916) 787-4530

Attorneys for Plaintiff,
**LARRY WALTHER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY WALTHER,** | **Case No.: 2:09-CV-00494-JAM-KJM** |
| Plaintiff, | |
| vs. | **PLAINTIFF, LARRY WALTHER'S** |
| **UNITED PARCEL SERVICE, INC.** and | **EXHIBIT LIST** |
| **DOES 1 through 20**, inclusive, | |
| Defendants. | |

Plaintiff, LARRY WALTHER, hereby submits the following list of Exhibits that are to be used at trial.

| EXHIBIT NUMBER | DESCRIPTION |
|---|---|
| 1. | Documents from Plaintiff's Personnel File showing history and performance review while employed |
| 2. | UPS Flexible Benefits Plan |
| 3. | UPS Family and Medical Leave Compliance Manual |
| 4. | Memo from Ray to Martin re MIP Exception – Walther |

Plaintiff's Exhibit List

**EXHIBIT C**

| | | |
|---|---|---|
| 1 | 5. | Job position statement – Feeder Management |
| 2 | 6. | Job position statement – Operations Supervisor |
| 3 | 7. | Memo dated 9-28-07 from Ray to Tichenor |
| 4 | 8. | Memo dated 7-16-07 from Dugan to File |
| 5 | 9. | Memo dated 7-5-07 from Echeveria re Walther |
| 6 | 10. | Handwritten notes dated 6-28-07 |
| 7 | 11. | Handwritten notes dated 7-5-07 |
| 8 | 12. | Letter from Dr. Fields re Walther dated 7-18-07 |
| 9 | 13. | UPS' ADA Procedural Compliance Manual |
| 10 | 14. | UPS' Overview of ADA/Management Guide |
| 11 | 15. | Policy Book |
| 12 | 16. | Leading with Integrity |
| 13 | 17. | Handwritten notes re facilitation |
| 14 | 18. | Memo dated 3-29-08 from Gibbs re facilitation |
| 15 | 19. | Mgmt and Specialist Vacation & Disc. Day Planning |
| 16 | 20. | Memo dated 12-11-00 re Discretionary Days |
| 17 | 21. | Doc re MIP Program |
| 18 | 22. | Doc re MIP Program |
| 19 | 23. | UPS Managers MIP Eligibility for 2006 |
| 20 | 24. | UPS MIP Eligibility for 2008 |
| 21 | 25. | Sacramento Valley Dist. 2008 Compensation Plan |
| 22 | 26. | ADA Updated 1-8-08 |
| 23 | 27. | Disability Update from Aetna dated 12-20-07 |
| 24 | 28. | Memo from Brumley dated 11-12-07 re Disability Update |
| 25 | 29. | Memo from Tichenor to Wrench dated 10-2-07 re 2007 MIP |
| 26 | | Clarification Worksheet |
| 27 | 30 | Memo from Gibbs dated 3-27-08 re Echeveria Interview |
| 28 | 31. | Memo from Haskell to Ray dated 1-9-08 |
| 29 | 32. | 2007 IBP Perspective |

2

Plaintiff's Exhibit List

**EXHIBIT C**

| | | |
|---|---|---|
| 1 | 33. | RCR Audit cover pages |
| 2 | 34. | RCR Audit |
| 3 | 35 | Balance Score Card re Stockton |
| 4 | 36. | 2007 SEAS Report |
| 5 | 37. | 2006 SEAS Report |
| 6 | 38. | 2007 Balance Score Card elements |
| 7 | 39. | Focus Group Meeting Notes |
| 8 | 40. | Email from Echeveria to Walther dated 5-9-07 |
| 9 | 41. | Dr. Cannon's Medical File |
| 10 | 42. | Dr. Taylor's Medical File |
| 11 | 43. | Dr. Fields' Medical File |
| 12 | 44. | Letter dated 2-20-08 from Dugan to Walther |
| 13 | 45. | Job Assignment Time Line |
| 14 | 46. | MIP Award Statement – 12/08 |
| 15 | 47. | MIP Prospectus dated 10-1-07 |

Dated: April 7, 2010

**HENK LEONARD**
**A Professional Law Corporation**

/s/SHERI L. LEONARD
**SHERI L. LEONARD**
Attorneys for Plaintiff,
**LARRY WALTHER**

---

3

Plaintiff's Exhibit List

PAUL, HASTINGS, JANOFSKY & WALKER LLP
E. JEFFREY GRUBE (SB# 167324)
jeffgrube@paulhastings.com
AMY C. HIRSH (SB# 246533)
amyhirsh@paulhastings.com
GREGGORY W. DALTON (SB# 252000)
greggorydalton@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| LARRY WALTHER,<br><br>            Plaintiff,<br><br>      vs.<br><br>UNITED PARCEL SERVICE, INC. and<br>DOES 1 through 20, inclusive,<br><br>            Defendants. | CASE NO. 2:09-CV-00494-JAM-KJM<br><br>(Sacramento County Superior Court<br>Case No. 34-2008-00019192-CU-OE-GDS)<br><br>**DEFENDANT UNITED PARCEL<br>SERVICE, INC.'S *AMENDED* EXHIBIT<br>LIST RE: JOINT PRETRIAL<br>STATEMENT** |

DEFENDANT UPS'S
*AMENDED* EXHIBIT LIST

# EXHIBIT D

Case 2:09-cv-00494-JAM-KJN   Document 82   Filed 04/16/10   Page 21 of 22


Defendant United Parcel Service, Inc. ("UPS") plans to offer the following

exhibits into evidence at trial:

| Exh. | Title | Date | Bates Range |
|---|---|---|---|
| A. | Employee History Profile | Undated | D-000049-000057 |
| B. | UPS Policy Book | March 2001 | D-001830-001894 |
| C. | UPS Code of Business Conduct | Undated | D-001798-001829 |
| D. | Walther Agreement and Policy Acknowledgement | 8/10/07 | D-000019 |
| E. | Walther Career Development Meeting Profile | Undated | D-000980 |
| F. | Walther 2006 QPR | 1/1/06-12/31/06 | D-001036-001067 |
| G. | Sac Day Shift Part-Time Supervisor Focus Group Meeting | 01/17/07 | D-004736-004737 |
| H. | Email: re International not Origin Processed | 06/04/07 | D-005117 |
| I. | Stockton Air Recovery Point Audit 2007 | 06/08/07 | D-005137 |
| J. | Email re: Larry Vacation | 06/24/07 | D-005126 |
| K. | UPS Internal Audit Regulatory Compliance Review | 06/18/07 | D-002355-002377 |
| L. | 9520 RCR Audit | 06/18/07 | D-013761-013873 |
| M. | Facility Audit Summary Report for District 85 | 01/01/07 – 12/31/07 | D-006378-006379 |
| N. | Email: FW: July 4th Lockdown | 07/03/07 | D-005129-005130 |
| O. | Email RE: Stockton RCR Audit Results | 07/03/07 | D-005131 |
| P. | Email RE: Stockton RCR Audit Results | 07/03/07 | D-005132 |
| Q. | Email RE: Stockton RCR Audit Results | 07/03/07 | D-005223 |
| R. | Email RE: Stockton Holiday Audit | 07/04/07 | D-005224 |
| S. | Email re: Stockton Holiday Audit | 07/05/07 | D-005133 |
| T. | "Operations Report" with Handwritten Notes | Undated | P-0043 |

LEGAL_US_W # 64404712.1

DEFENDANT UPS'S
AMENDED EXHIBIT LIST

| U. | Action Plans: Stockton Center 2nd Quarter | Undated | LW-0226-0228 |
|---|---|---|---|
| V. | Action Plans: Stockton Center June 2007 | Undated | LW-0229-0233 |
| W. | Action Plans: Stockton Center 2nd Quarter | Undated | LW-0234-0239 |
| X. | Handwritten Notes | 07/10/07 | P-0050 |
| Y. | Email: FW: 2008 Merit Increases Prorated – LOA | 03/07/08 | D-005215 |
| Z. | Memo RE: MIP Exception—Larry Walther | 09/28/07 | D-000059 |
| AA. | 2007 MIP Prospectus | 10/1/07 | D-001778-001788 |
| BB. | MIP Award Statement 2008 | 12/08 | LW-0218 |
| CC. | 2008 MIP Eligibility Memorandum | Undated | D-001689-001695 |
| DD. | 2008 MIP Prospectus | 10/1/08 | D000492-000504 |
| EE. | Doctor Notes | 12/4/06 | P-0285-0286 |
| FF. | Doctor Notes | 04/29/05, 04/6/05 | P-0319-0321 |
| GG. | Doctor Notes | 04/19/06, 03/27/06, 3/21/06 | P-0300-0305 |
| HH. | Sutter Medical Foundation Letter | 07/18/07 | P-0267 |
| II. | Doctor Notes | 07/20/07 | P-0263-0264 |
| JJ. | Sutter Medical Foundation Letter | 07/24/07 | P-0216 |

DATED: April 12, 2010

E. JEFFREY GRUBE
AMY C. HIRSH
GREGGORY W. DALTON
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: /s/     *Greggory W. Dalton*
        GREGGORY W. DALTON

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.