1

2

3

4

5

6

7

8

9        UNITED STATES DISTRICT COURT

10        EASTERN DISTRICT OF CALIFORNIA

11            SACRAMENTO DIVISION

12

13   LARRY WALTHER,                     CASE NO. 2:09-CV-00494-JAM-KJN

14              Plaintiff,              **JUDGMENT IN FAVOR OF DEFENDANT**
                                        **UNITED PARCEL SERVICE, INC.**
15        vs.

16   UNITED PARCEL SERVICE, INC. and    Complaint Filed:  August 13, 2008
     DOES 1 through 20, inclusive,
17                                       The Honorable John A. Mendez
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

1        This action was brought by Plaintiff Larry Walther ("Plaintiff") against Defendant United

2   Parcel Service, Inc. ("Defendant").  Plaintiff asserted claims for:  (1) retaliation under the

3   California Family Rights Act ("CFRA"), (2) retaliation under the California Fair Employment

4   and Housing Act ("FEHA"), (3) interference under the CFRA, (4) failure to engage in the

5   interactive process under the FEHA, (5) failure to provide a reasonable accommodation under the

6   FEHA, (6) wrongful demotion in violation of public policy, and (7) punitive damages.

7

8   **I.**      **MOTION FOR SUMMARY JUDGMENT**

9        On January 20, 2010, the Court heard oral argument on Defendant's Motion For Summary

10  Judgment Or, In The Alternative, Summary Adjudication Of Issues.  Plaintiff appeared through

11  his counsel of record, Sheri L. Leonard of Henk Leonard.  Defendant appeared through its

12  counsel of record, Katherine C. Huibonhoa of Paul, Hastings, Janofsky & Walker LLP.  The

13  Court, having read and considered the moving and responding papers, and all supporting papers,

14  and the oral arguments presented, and the matter having been duly heard, granted Defendant's

15  Motion and dismissed with prejudice Plaintiff's claims for:  (1) interference under the CFRA, (2)

16  failure to engage in the interactive process under the FEHA, (3) failure to provide a reasonable

17  accommodation under the FEHA, (4) wrongful demotion in violation of public policy, and (5)

18  punitive damages.  (*See* Docket No. 75.)

19       The Court denied Defendant's Motion as to Plaintiff's claims for:  (1) retaliation under the

20  CFRA, and (2) retaliation under the FEHA.  (*See* Docket No. 75.)

21

22  **II.**      **JURY TRIAL**

23       A jury trial in this matter on the remaining causes of action — Plaintiff's claims for

24  retaliation under the CFRA and the FEHA — commenced on May 24, 2010.  Plaintiff appeared

25  through his counsel of record, Robert P. Henk and Sheri L. Leonard of Henk Leonard.  Defendant

26  appeared through its counsel of record, E. Jeffrey Grube and Greggory W. Dalton of Paul,

27  Hastings, Janofsky & Walker LLP.

28

PDF created with pdfFactory trial version www.pdffactory.com

A.   <u>Motion For Judgment As A Matter Of Law (Rule 50) At Close Of Plaintiff's Case</u>

On May 27, 2010, at the close of Plaintiff's case-in-chief, Defendant moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law on Plaintiff's claims for retaliation under the CFRA and the FEHA, as well as on Plaintiff's claims for emotional-distress damages and front pay.  The Court denied without prejudice Defendant's Motion as to Plaintiff's claims for retaliation and emotional-distress damages, but granted Defendant's Motion as to Plaintiff's claim for front pay.

B.   <u>Jury Verdict</u>

On May 28, 2010, a jury of eight individuals returned a verdict on Plaintiff's claims for retaliation under the CFRA and the FEHA as follows:

> Did Plaintiff Larry Walther prove by a preponderance of the evidence that United Parcel Service, Inc. ("UPS") took an adverse employment action against him because he requested a medical leave of absence for toe surgery in 2007?
>
> _____ Yes     ___X___ No

(*See* Docket No. 140.)  The parties stipulated that this special verdict question resolved both of Plaintiff's remaining legal claims — retaliation under the CFRA and retaliation under the FEHA.

## III.   **JUDGMENT**

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1.   That judgment is entered in favor of Defendant and against Plaintiff on all claims for relief asserted in the complaint;

2.   That Plaintiff shall take nothing on the complaint; and

3.   That Defendant shall recover its costs in an amount to be taxed by the Clerk pursuant to Federal Rule of Civil Procedure 54 and Local Rule 292.

PDF created with pdfFactory trial version www.pdffactory.com

1    IT IS SO ORDERED.

2    DATED:  June 1, 2010

3

4                                                    / s/ John A. Mendez
                                        _____
                                                   HON. JOHN A MENDEZ
5                                          Judge, United States District Court

6    Presented by:

7    PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

9    By:    s/      *Greggory W. Dalton*
                                        _____
                          Greggory W. Dalton
10             Attorneys for Defendant United Parcel Service, Inc.

11

12   LEGAL_US_W # 64864140.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CASE NO. 2:09-CV-00494-JAM-KJN            - 3-            [PROPOSED] JUDGMENT IN FAVOR OF UPS

PDF created with pdfFactory trial version www.pdffactory.com